**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 26-cv-21513-BLOOM**

DAVIER ERRASTI KESSELL,

      Petitioner,

v.

WARDEN, KROME SERVICE
PROCESSING CENTER, *et al*.,

      Respondents.

_____/

**<ins>ORDER</ins>**

**THIS CAUSE** is before the Court *sua sponte*. Petitioner Davier Errasti Kessell ("Petitioner") filed a *pro se* Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (the "Petition") while confined at the Krome Service Processing Center. ECF No. [1]. Petitioner, a native of Cuba, challenges his pre-removal-order immigration detention. *See id*. at 6-7. Petitioner seeks release from detention. *See id.* at 7. The Respondent filed a Return to Order to Show Cause arguing Petitioner was subject to mandatory pre-removal-order detention under 8 U.S.C. § 1226(c) but is now detained under § 1231(a), which controls the detention and removal of an alien subject to a final order of removal. ECF No. [8] at 3-6. Petitioner has not replied. After careful review, the Petition is **DENIED** as moot.

**I.      BACKGROUND**

Petitioner is a native and citizen of Cuba who was admitted to the United States on or around February 10, 2011, as a lawful permanent resident. *See* ECF No. [8-2] ¶ 5. Petitioner has criminal convictions for the following offenses: (1) Grand Theft of Cargo valued at $50,000 or more, ECF No. [8-3] at 1; (2) Amphetamine Trafficking, ECF No. [8-4] at 1; (3) Grand Theft, ECF No. [8-5] at 1; and (4) Retail Theft, ECF No. [8-6] at 1.

On November 10, 2025, Petitioner was taken into the custody of the U.S. Immigrations and Customs enforcement and placed into removal proceedings upon service and filing of a Notice to Appear ("NTA"). *See* ECF No. [8-2] ¶¶ 9, 10. The NTA charged Petitioner with removability pursuant to § 237(a)(2)(B)(i) of the Immigration and Nationality Act ("INA") as an alien who at any time after admission has been convicted of a violation of (or a conspiracy or attempt to violate) any law or regulation of a State, the United States, or a foreign country relating to a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802), other than a single offense involving possession for one's own use of thirty grams or less of marijuana. ECF No. [8-8] at 4.

On March 6, 2025, Petitioner filed the instant Petition, arguing that his pre-removal detention violates due process. ECF No. [1] at 6. On March 11, 2026, the immigration judge ordered Petitioner removed to Cuba based on the charge contained in the NTA. ECF No. [8-9] at 1. Petitioner waived the right to appeal the immigration judge's order, *id.* at 2, rendering the immigration judge's removal order final. *See Jaramillo v. I.N.S.*, 1 F.3d 1149, 1151 (11th Cir. 1993) ("A deportation order issued by an Immigration Judge becomes final . . . upon waiver of appeal[.]" (alteration added)).

## II.    LEGAL STANDARD

The federal habeas corpus statute, 28 U.S.C. § 2241, "authorizes a district court to grant a writ of habeas corpus whenever a petitioner is 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Cadet v. Bulger*, 377 F.3d 1173, 1181–82 (11th Cir. 2004) (quoting 28 U.S.C § 2241(c)(3)). This provision allows persons to challenge the legality of their "immigration-related detention, including challenges to the validity of a deportation order[.]" *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also Cadet*, 377 F.3d at 1182 ("[T]he jurisdiction-stripping provisions of AEDPA and IIRIRA did not deprive federal courts jurisdiction to consider aliens' challenges to their removal orders raised in § 2241 habeas petitions." (citing *I.N.S. v. St. Cyr*, 533 U.S. 289, 314 (2001))).

### III.    DISCUSSION

Petitioner's claim — that his pre-removal detention violates due process — is now moot. After filing the Petition, Petitioner has been ordered removed to Cuba by an immigration judge. *See* ECF No. [8-9] at 1. Petitioner waived the right to appeal the immigration judge's order. *Id*. at 2. Since Petitioner waived his right to appeal, the immigration judge's decision is now a final removal order. *See Jaramillo*, 1 F.3d at 1151 ("A deportation order issued by an Immigration Judge becomes final . . . upon waiver of appeal[.]" (alteration added)).

Petitioner is thus no longer being detained under 8 U.S.C. § 1226(c) but, rather, "pursuant to a wholly different statute[,] 8 U.S.C. § 1231(a), which controls the detention and removal of an alien subject to a final order of removal." *De La Teja v. United States*, 321 F.3d 1357, 1363 (11th Cir. 2003). And, because the Attorney General is no longer acting under § 1226(c), any opinion on the legality of Petitioner's detention under that provision might be "purely advisory in nature, and therefore this issue has become moot." *Id*.; *see also Buriev v. Warden, GEO, Broward Transitional Ctr*., No. 25-cv-60459, 2025 WL 2763202, at *5 (S.D. Fla. Sept. 26, 2025); *Mohammad v. Creel*, No. 13-cv-274, 2014 WL 204426, at *2 (N.D. Fla. Jan. 17, 2014) ("Because Petitioner is no longer held under the pre-removal statute, § 1226(c), but is now detained pursuant to the removal statute, § 1231, a decision from this Court concerning the prior period of detention would not provide Petitioner the habeas relief he seeks because his detention during the time this case has been pending is authorized under § 1231.").

There are two exceptions to the mootness doctrine, which apply either when (1) "collateral consequences" remain, *Carafas v. LaVallee*, 391 U.S. 234, 237 (1968); or (2) the injury is "capable of repetition yet evading review," *Murphy v. Hunt*, 455 U.S. 478, 482 (1982). But Petitioner cannot satisfy either exception. The collateral-consequences exception does not apply because nothing in this

record shows any "disabilities or burdens which may flow" from the pre-removal detention Petitioner is challenging. *Carafas*, 391 U.S. at 237. The exception for actions that are capable of repetition yet evading review also does not apply to Petitioner's case because "the controversy at issue" — namely, the legality of Petitioner's pre-removal detention under § 1226(c) — "necessarily cannot arise again, as [Petitioner] is now, and will be, subject to a final order of deportation." *De La Teja*, 321 F.3d at 1363 n.3.

## IV.     CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that:

1. The Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241, **ECF No. [1]**, is **DENIED AS MOOT**.

2. This case is **CLOSED**, and all pending motions are **DENIED AS MOOT**.

3. The Clerk of Court is **DIRECTED** to mail a copy of this Order to Petitioner.

**DONE AND ORDERED** in Chambers at Miami, Florida, on March 16, 2026.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies provided to:

Davier Errasti Kessell, *Pro Se*
A# 212-020-537
Krome North Service Processing Center
Inmate Mail/Parcels
18201 SW 12th Street
Miami, FL 33194